IN THE COURT OF CRIMINAL APPEALS

OF TEXAS
 

 



 

NO. AP-76,647
 




 

EX PARTE JIMMIE MARK PARROTT, JR., Applicant








 ON APPLICANT'S MOTION FOR REHEARING OFAPPLICANT'S


 PETITION FOR WRIT OF MANDAMUS IN CAUSE NO. 1227343-B
IN THE 230TH DISTRICT COURT OF HARRIS COUNTY




 

 

 Meyers, J., filed a statement dissenting to the denial of Applicant's
Motion for Rehearing. 

 

DISSENT

 

 The majority agrees that the enhancement was improper, yet failed to grant
Applicant habeas relief based on an illegal-sentence claim. This decision and the
subsequent denial of Applicant's motion for rehearing means that Applicant will continue
to serve an illegal sentence based on an improper enhancement and a flawed prior
conviction. Failing to correct this mistake when we had the chance is irresponsible, and
requiring Applicant to prove harm as a basis for relief has opened the door to analyze
other illegality claims in this manner. What is really troubling is that a valid double
jeopardy claim resulting from the imposition of multiple sentences for the same conduct,
which would normally render a sentence illegal, will now be subject to a harm analysis. (1) 
Harm is not the correct measure for determining illegality. A harm analysis is used after
error has been found. It is entirely inappropriate to use such analysis for jurisdictional
issues, illegal-sentence claims or double-jeopardy claims involving multiple sentences for
one act. In this case there is no final judgment and Applicant is still serving an illegal
sentence. 

 With these comments, I respectfully dissent. 

 Meyers, J. 

Filed: March 27, 2013 

Publish 

 

 





 

 



 

 
1. I cannot envision a scenario in which we would ever grant relief by applying a harm
analysis to a claim of double jeopardy based on an individual being punished twice for the same
conduct.